PLATTENBURG v. BRIGGS.

(Supreme Court, Appellate Division, Third Department.   March 3, 1915.)

WORK AND LABOR (§ 10*)—DEFINITENESS OF PROMISE—CONTRACT IMPLIED BY LAW.

Where defendant's testatrix agreed to pay plaintiff $6 per week for domestic services, and if plaintiff should remain during the life of testatrix to provide for a "generous sum" to be paid on testatrix's decease, while the term "generous sum" was too indefinite to be speculated upon by a jury, nevertheless, under the implied promise to pay a fair sum for the services, if their value should be found to exceed the aggregate for the period of service of $6 per week, plus $300 left to plaintiff by testatrix's will, plaintiff had a cause of action.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. § 25; Dec. Dig. § 10.*]

Appeal from Special Term, Saratoga County.

Action by Addie D. Plattenburg against Alice Hall Briggs, executrix of Angeline P. Hall, deceased.   From an order overruling a demurrer to the complaint, defendant appeals.   Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Henning & Eddy, of Saratoga Springs, for appellant.
Edgar T. Brackett, of Saratoga Springs, for respondent.

SMITH, P. J.   The action is to recover upon a quantum meruit for services rendered the defendant's testatrix.   Upon September 21, 1907, plaintiff was in the employ of the defendant's testatrix.   Upon that day the defendant's testatrix signed and delivered to plaintiff a paper, of which the following is a copy:

The New Columbian.

E. C. Quinlan, Prop.                                      Opp. Convention Hall.

Agreement.

Saratoga Springs, N. Y., Sept. 21, 1907.

I hereby agree from this date to pay to Addie D. Plattenburg, for the care of myself and house and services as heretofore, the sum of six dollars per week, and if she shall remain with me during my lifetime to provide for a generous sum, to be paid to her at my decease, with the distribution of my estate, and it is agreed, further, that she shall be subject to the dictation and direction of only myself.                              Mrs. A. P. Hall.

Indorsement:

I hereby certify that I was present and saw Mrs. A. P. Hall sign within paper.                                                    G. F. Comstock.
Sept. 27, 1907.

The plaintiff remained with the defendant's testatrix for between seven and eight years, and until her death.   She was given a legacy of $300 by the will.   Her complaint alleges that her services were worth $21 per week for the full time, upon which she credits $6 a week paid, and $300 received under the legacy, and she demands judgment for the balance.

The main question arises upon the construction of this paper.   The plaintiff contends that it contains a promise to pay her a generous sum

for service to be rendered in the care of the promisor and of her household for the rest of her life. The defendant's contention is that there is here an agreement only to pay the sum of $6 per week for services, and that the promise of a generous sum at death is the promise of a gratuity, which is unenforceable. While the promise to pay a generous sum may be indefinite, nevertheless there must be implied within that promise a definite agreement to pay the fair value of such services, should such value exceed the sum of $6 per week. We cannot agree with the Special Term that it is for the jury to say what is a generous sum. That term is too indefinite to be speculated upon by a jury. Under the implied promise to pay a just compensation, however, the fair value of the services may be ascertained, and if they exceed the moneys that have been paid, including the legacy received, plaintiff would seem to be entitled to recover therefore. The order should therefore be affirmed, with $10 costs and disbursements, with usual leave to the defendant to withdraw the demurrer and answer, and upon payment of costs at Special Term and in this court.

Order affirmed, with $10 costs and disbursements, with usual leave to defendant to withdraw demurrer and answer, upon payment of costs at Special Term and in this court. All concur; KELLOGG and HOWARD, JJ., in result.